Jackson v. Morse                    CV-03-264-JD   07/28/03
               UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


William C. Jackson and
Donna Jackson

        v.                          Civil No. 03-264-JD
                                    Opinion No. 2003 DNH 131
Charles W. Morse, Jr. and
Ameritrade Holding Corp., Trustee


                          O R D E R


     The plaintiffs, William C. Jackson and Donna Jackson,
brought suit in Belknap County (New Hampshire) Superior Court
alleging claims arising from their financial relationship with
Charles W. Morse, Jr. and seeking an attachment of his assets
held by Ameritrade Holding Corporation.  Morse, proceeding pro
se, removed the case to this court under 28 U.S.C. § 1441 and
asserting diversity jurisdiction pursuant to 18 U.S.C. § 1332.[1]
The Jacksons move to remand the case, asserting that the action
was not removable for a number of reasons.

     On June 27, 2003, Josephine Morse, proceeding pro se, moved
to intervene in the action.  On July 3, 2003, the Jacksons moved
to stay all further proceedings until the motion to remand was

_____

     [1]Although Morse indicates in his objection to the Jacksons'
motion to remand that he practiced law at one time, he does not
indicate that he is currently a member of the bar of this or any
other state.  In any event, he is proceeding on his own behalf.

decided.  The Jacksons did not file any response to Josephine Morse's motion to intervene.  On July 17, 2003, the magistrate judge granted Josephine Morse's motion to intervene due to the lack of opposition.  On July 18, 2003, the magistrate granted the Jacksons' motion to stay all further proceeding.  The Jacksons move for reconsideration of the magistrate's decision to allow Josephine Morse to intervene.

I.  Motion to Remand

Under § 1441(b), a civil action may be removed from state to federal court, based on the parties' diversity of citizenship, only if none of the defendant parties is a citizen of the state where the action was brought.  If the plaintiffs object to removal and the resident defendant is not present due to fraudulent joinder, the case must be remanded.  See, e.g., Hurley v. Motor Coach Indus., 222 F.3d 377, 378-79 (7th Cir. 2000); Farm Constr. Servs., Inc. v. Fudge, 831 F.2d 18, 21-22 (1st Cir. 1987); Mills v. Allegiance Health Corp., 178 F. Supp. 2d 1, 4 (D. Mass. 2001).  A defendant seeking to remove a state court action also bears the burden of demonstrating that the federal court has subject matter jurisdiction.  See Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999)

In this case, it is undisputed that Morse is a citizen of

2

New Hampshire.  Since the action originated in New Hampshire state court, removal was not proper.

In addition, Morse has not carried his burden of demonstrating that subject matter jurisdiction exists under § 1332.  Under § 1332, the amount in controversy must exceed $75,000, exclusive of interest and costs.  The amount claimed in the complaint controls the amount in controversy unless the party seeking to invoke the jurisdiction of the court shows "that it is not a legal certainty that the claim involves less than the jurisdictional amount."  Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001 (quotation omitted).  For purposes of determining the amount in controversy, attorneys' fees are considered only if they are provided by statute or contract.  Id. at 7.

The Jacksons seek $53,000 in damages and attorneys' fees, under a common law theory of recovery, as stated in the state court writ.  Morse provides no basis to believe that it is not a legal certainty that the Jacksons' claim involves only $53,000, less than the requisite jurisdictional amount.  Therefore, Morse has not demonstrated that subject matter jurisdiction exists in this court.

Because removal of the case was improper under § 1441(b) and subject matter jurisdiction is lacking, the case must be remanded to state court.  The Jacksons also seek, pursuant to 28 U.S.C. §

3

1447(c), an award of attorneys' fees and costs incurred because of the removal proceeding. The court declines to make such an award under the circumstances of this case.

II. Motion for Reconsideration

Because the case is remanded to state court and this court lacks subject matter jurisdiction to proceed on any matters in the case, the order granting Josephine Morse's motion to intervene is vacated.

Conclusion

For the foregoing reasons, the plaintiffs' motion to remand (document no. 6) and the plaintiffs' motion for reconsideration (document no. 10) are granted. The order entered on July 17, 2003, granting Josephine Morse's motion to intervene (document no. 4) is vacated.

The clerk of court shall remand the action to Belknap County Superior Court and close the case in this court.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 28, 2003
cc:  Thomas B.S. Quarles Jr., Esquire
     Charles W. Morse, pro se
     Josephine F. Morse, pro se

4